UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LATOYA HAZLE,

    Plaintiff,

v.    CASE NO. 6:14-cv-1568-ORL-31-KRS

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.

_____/

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff, LATOYA HAZLE ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for her Complaint against Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*.

3. Count III of Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*..

### JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

5. Defendant conducts business in the State of Florida thereby establishing personal jurisdiction.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff is a natural person who resides in Orlando, Orange County, Florida.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2) and, according to Defendant, allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

9. Defendant is a business entity with an office located in San Diego, California.

10. Defendant sought to collect a debt from Plaintiff.

11. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6) that uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Prior to the filing of this action at a date known to Defendant, and account was placed with Defendant to collect funds which were alleged to be owed and past due.

14. During 2013, Defendant began placing telephone calls ("collection calls") to telephone number 312-245-86xx, Plaintiff's cellular telephone, in an attempt to collect a debt the alleged debt.

2

15. The alleged debt arises from transactions which were for personal, family and/or household purposes.

16. Plaintiff never gave Defendant prior express consent to call her cell phone.

17. Defendant called Plaintiff at all hours of the day including after 9:00 p.m. and before 8:00 a.m.

18. Defendant called Plaintiff up to four (4) times in a single day.

19. Upon information and belief based on, *inter alia*, the frequency, number, and nature of the calls, all of Defendant's telephone calls to Plaintiffs were placed using an automatic telephone dialing system or other equipment capable of storing and/or producing telephone numbers ("auto dialer").

20. Defendant has been assignment many telephone numbers from its telephone service providers including, but not limited to, 800-265-8825, 877-237-0512, and 877-411-5551, which it used to call Plaintiff.

21. In or around November 2013, Plaintiff spoke to one of Defendant's employees, and asked Defendant what debt it was trying to collect, but Defendant refused to provide Plaintiff with that information. Plaintiff instructed Defendant to stop calling her.

22. Plaintiff revoked any consent, actual or implied, for Defendant to call her cell phone.

23. Defendant continued to use an auto dialer to call Plaintiff's cell phone after November 2013.

24. Defendant knowingly, voluntarily and willfully used an auto dialer to call Plaintiff's cell phone.

25. Defendant intended to use an auto dialer to call Plaintiff's cell phone.

26.     Plaintiff spoke with Defendant afterwards and again instructed Defendant to stop calling her.

27.     Defendant continued to use an auto dialer to call Plaintiff's cell phone despite her repeated instructions to stop.

28.     Between December 2013 and May 27, 2014, Defendant has used and auto dialer to call Plaintiff's cell phone at least seventy-seven (77) times.

29.     Plaintiff is annoyed and feels harassed by Defendant's repeated calls to her cellular telephone after she instructed Defendant to stop.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 *et seq.*

30.     Defendant violated the FDCPA based on the following:

   a)   Defendant violated § 1692c(a)(1) of the FDCPA by calling Plaintiff at a time that is known, or should be known, to be inconvenient.

   b)   Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to annoy Plaintiff.

   c)   Defendant violated § 1692d(5) of the FDCPA by causing Plaintiff's cellular telephone to ring repeatedly and/or continuously with intent to annoy, abuse, or harass Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

31.     Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

32. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

33. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), Fla. Stat. § 559.55 *et seq.*

34. Plaintiff re-alleges and incorporates the foregoing paragraphs herein.

35. Defendant violated the FCCPA based on the following:

   a) Defendant violated § 559.72(7) of the FCCPA by engaging in conduct which can reasonably be expected to abuse or harass Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

36. Statutory damages pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2),

37. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2),

38. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT, (TCPA), 47 U.S.C. § 227 *et seq.*

39. Plaintiff re-alleges and incorporates the foregoing paragraphs herein.

40. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Defendant's actions alleged *supra* constitute numerous and multiple knowing

5

and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

42. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B),

43. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C),

44. All court costs, witness fees and other fees incurred

45. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: _____
Shireen Hormozdi
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Phone: (323) 988-2400 x 267
Fax:   (866) 861-1390
shormozdi@consumerlawcenter.com
Attorney for Plaintiff
Florida Bar No. 0882461